UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

James Rucker,                                                          14 CV 2484

                                          Plaintiff,          **COMPLAINT**

          -against-

Det. Adriano Contreras Shield 2116, Det. Denia Roberts,          CIVIL ACTION
Lt. Sean McHugh, Det. John Doe 1-5, Supervisor John Doe 6,
the City Of New York,

                                          Defendants.
_____X

       **NOW COME** the Plaintiff, **JAMES RUCKER,** by and through his attorney,

**D. Andrew Marshall, Esq.** for his Complaint against the Defendants, respectfully

shows to this Court and allege:

### NATURE OF THE ACTION

1.  This is an action to recover money damages arising out of the violation of

    plaintiff's rights under the Constitution of the United States.

## VENUE AND JURISDICTION

2.  That jurisdiction is founded upon the existence of a Federal Question.

3.  This is an action to redress the deprivation under color of statute, ordinance,

    regulation, custom or usage of a right, privilege, and immunity secured to

    Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the

    Constitution of the United States, 42 U.S.C. §1983 and arising under the laws

    and statutes of the State of New York.

4.  That jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), this being

    an action authorized by law to redress the deprivation under color of statute,

    ordinance, regulation, custom or usage of a right, privilege, and immunity

    secured to Plaintiffs by the Fourth, Fifth, and Fourteenth Amendments to the

1

Constitution of the United States, 42 U.S.C. §1983 and arising under the law and statutes of the State of New York.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

6.  The amount in controversy exceeds, exclusive of interest and costs, the sum or value of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

### JURY DEMAND

7.  Plaintiff demands a trial by jury in this action.

## PARTIES:

8.  Upon information and belief, on or prior to the 17th day of August 2013 and at all other relevant times Plaintiff **JAMES RUCKER, HEREINAFTER "PLAINTIFF RUCKER,"** was a citizen of the United States and a resident of the City, County and, State of the Bronx.

9.  Upon information and belief, on or prior to the 17th day of August 2013 and at all other relevant times, the **Defendant THE CITY OF NEW YORK, hereinafter "Defendant NYC"** was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.  Upon information and belief, on or prior to the 17th day of August 2013 and at all other relevant times, the Defendant NYC, its agents, servants and employees operated, maintained and controlled the **New York Police Department**, including all the police officers thereof.

11.  Upon information and belief, NYPD is responsible for the appointment, training, supervision, promotion and discipline of the police officers and supervisory police officers, including the individually named Defendant

herein.

12.   Upon information and belief, on or prior to the 17th day of August 2013 and at all other relevant times, Defendant DET. ADRIANO CONTRERAS SHIELD 2116, hereinafter "**Defendant CONTRERAS**," was employed by Defendant NYC and NYPD, as a police officer with the rank of Detective. He is sued in his individual and official capacities.

13.   Upon information and belief, on or prior to the 17th day of August 2013 and at all other relevant times, Defendant DET. DENIA ROBERTS, hereinafter "**Defendant ROBERTS**," was employed by Defendant NYC and NYPD, as a police officer with the rank of Detective. She is sued in her individual and official capacities.

14.   Upon information and belief, on or prior to the 17th day of August 2013 and at all other relevant times, Defendant LT. SEAN McHUGH, hereinafter "**Defendant McHUGH**," was employed by Defendant NYC and NYPD, as a police officer with the rank of Lieutenant Detective. He is sued in his individual and official capacities.

15.   Upon information and belief, on or prior to the 17th day of August 2013 and at all other relevant times, Defendant John Doe 1-5, hereinafter "**Defendants Doe 1-5**," were employed by Defendant NYC and NYPD, as police officers.

16.   Upon information and belief, that at all times hereinafter mentioned, and on or prior to the 17th day of August 2013 and at all other relevant times, Defendant SUPERVISING Police Officer John Doe , hereinafter "**Defendant Supervising Doe**" was employed by Defendant NYC and NYPD, as a police officer.

17.   Defendants Doe 1-5 and Defendant Supervising Doe were employed by

Defendant NYC, as police officers or supervisors, whose true names and shield numbers are presently unknown to Plaintiff.  They are sued in their individual and official capacities.

## FACTS:

18.  Upon information and belief, on or about August 17, 2013 at approximately 11:00 am, and at all relevant times, Defendant CONTRERAS was working as a police officer within the confines of the 43rd Precinct in the vicinity of 608 Castle Hill Avenue, Bronx County, a public street.

19.  Upon information and belief, on or about August 17, 2013 at approximately 11:00 am, and at all relevant times, Defendant ROBERTS was working as a police officer within the confines of the 43rd Precinct in the vicinity of 608 Castle Hill Avenue, Bronx County.

20.  Upon information and belief, on or about August 17, 2013 at approximately 11:00 am, and at all relevant times, Defendant John Doe 1-5 were working as police officers within the confines of the 43rd Precinct in the vicinity of 608 Castle Hill Avenue, Bronx County.

21.  Upon information and belief, on or about August 17, 2013 at approximately 11:00 am, and at all relevant times, Defendant McHUGH was working as police officer within the confines of the 43rd Precinct.

22.  Upon information and belief, on or about August 17, 2013 at approximately 11:00 am, and at all relevant times, Defendant Supervising Doe was working as police officer within the confines of the 43rd Precinct.

23.  Upon information and belief, on or about August 17, 2013 at approximately 11:00 am, and at all relevant times, Plaintiff RUCKER was in the vicinity of 608 Castle Hill Avenue, Bronx County with no criminality afoot.

24.  Upon information and belief, on or about August 17, 2013 at approximately 11:00 am, and at all relevant times, without provocation or other legal reason, Defendant CONTRERAS, Defendant ROBERTS **and** Defendant John Doe 1-5 forcibly stopped, searched and seized Plaintiff RUCKER there in the in the vicinity of 608 Castle Hill Avenue, Bronx County.

25.  Upon information and belief, on or about August 17, 2013 at approximately 11:00 am, and at all relevant times Defendant CONTRERAS, Defendant ROBERTS and Defendant John Doe 1-5 did not recovered any contraband from Plaintiff Rucker.

26.  Upon information and belief, on or about August 17, 2013 at approximately 11:00 am, and at all relevant times Defendant CONTRERAS, Defendant ROBERTS and Defendant John Doe 1-5 removed Plaintiff Rucker to the 43rd Precinct.

27.  Upon information and belief, on or about August 17, 2013 at approximately 11:00 am, and at all relevant times, without provocation or other legal reason, Defendant CONTRERAS, Defendant ROBERTS and Defendant John Doe 1-5 subjected Plaintiff Rucker to a strip-search and body-cavity search and did not recover any contraband.

28.  Upon information and belief, on or about August 17, 2013 at all relevant times, Defendant CONTRERAS, Defendant ROBERTS **and** Defendant John Doe 1-5 wrote and filed a patently false arrest report which was used as the basis for prosecuting Plaintiff  Rucker under arrest No. B13657353.

29.  Upon information and belief, on or about August 17, 2013 at all relevant times, Defendant McHugh authorized said false arrest.

30.  Upon information and belief, on or about August 17, 2013 at all relevant times, Defendant CONTRERAS, Defendant ROBERTS **and** Defendant John Doe 1-5 continued to prosecute Plaintiff Rucker under Docket No. 2013BX048338 until a Bronx County grand jury voted no true bill and the matter was dismissed and sealed.

31.  Their action arises under the United States Constitution, particularly under provisions of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, §1983 as well as the rights under the Constitution and laws of the State of New York.

32.  Each and all of the acts of the Defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of Bronx and under the authority of their office as police officers of said state, city and county.

## **PENDANT STATE CLAIMS:**

33.  That Notice of the Plaintiff's Claim and Notice of Intention to Sue for Damages for false arrest and otherwise has NOT been served upon the Comptroller of Defendants THE CITY OF NEW YORK.

34.  That pursuant to §50(h) of the General Municipal Law hearings have NOT been held.

35. That this action is not commenced within one year and 90 days after the cause of action arose.

# I.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF RUCKER: <u>CIVIL RIGHTS ACTION 42 USC §1983</u>

36. The Plaintiff RUCKER hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

37. This action arises under the United States Constitution, particularly under provisions of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, §1983 as well as the rights under the Constitution and laws of the State of New York.

38. Each and all of the Defendants' acts alleged herein were done by the Defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of the Bronx, 43rd Precinct, PSA 8, and under the authority of their office as police officers of said state, city and county.

39. That on about the morning of August 17, 2013 the **Plaintiff** RUCKER was lawfully in the vicinity of 608 Castle Hill Avenue with no criminality afoot before he was arrested by the defendants.

40. That at all relevant times the defendants were present in the vicinity of 608 Castle Hill Avenue as part of their regular and official employment as police officers for the Defendants, NYPD and THE CITY OF NEW YORK.

41. That at all relevant times Defendants convened a meeting and devised an alleged tactical plan for arresting unsuspecting individuals regardless of whether probable cause existed.

42. That at all relevant times Defendants knew or had reason to know that the alleged tactical plan was in fact an agreement to deprive and violate the Plaintiff RUCKER's rights .

43. That at all relevant times the Defendants forcibly stopped, searched and seized Plaintiff RUCKER on a public street.

44. That at all relevant times the Defendants removed Plaintiff RUCKER to the 43rd PRECINCT, PSA 8.

45. That at all relevant times, the Defendants while at the 43rd precinct, PSA 8, falsified reports that the Plaintiff was observed exchanging untaxed cigarettes for United States currency.

46. That the Defendants, without probable cause, reasonable suspicion or other legal reasons, nonetheless proceeded to arrest Plaintiff RUCKER.

47. That the Defendants, thereafter proceeded to swear out a Criminal Court complaint in furtherance of the prosecution of Plaintiff Rucker.

48. That as a consequence of the Defendants conscious acts and deliberate omissions, Plaintiff RUCKER was arraigned and made to answer the above charges before the honorable Criminal Court of the City of New York, Bronx.

49. That as a consequence of the Defendants' conscious acts and deliberate omissions, in addition to the false charges being leveled against them, Plaintiff RUCKER was unlawfully imprisoned.

50. That as a consequence of the Defendants' conscious acts and deliberate omissions, in addition to the false arrest, false charges and unlawful imprisonment, the Plaintiff was maliciously prosecuted.

51. That the Defendants testified before a grand jury in furtherance of the prosecution of Plaintiff Rucker.

52. That the Defendants' testimony was deemed insufficient to obtain an indictment and the charges against Plaintiff Rucker were dismissed.

53. That at all relevant times, the Defendants were malicious and reckless in their actions towards the Plaintiff because they knew that the Plaintiff was wholly innocent, but they nevertheless falsely imprisoned, falsely arrested and maliciously prosecuted the Plaintiff without any conduct on the part of the Plaintiff to so warrant.

54. That at all times hereinafter mentioned, the Defendant police officers and each of them, separately, and in concert acted under color and pretense of law, to wit: engaged in the illegal conduct here mentioned to the injury of the Plaintiff RUCKER and deprived him of the rights, privileges and immunities secured to Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

55. The conduct of the Defendants, agents, servants, and employees, and each of them, deprived the Plaintiff of the rights, privileges and immunities secured to him by the Constitution of the United States and the State of New York:

56. That the aforesaid actions and omissions violations violated 42 U.S.C. §1983 because the Defendants, who tacitly and implicitly agreed to enter into a nefarious scheme, wrongfully deprived and compelled the Plaintiff to

abandon his rights and privileges as provided to him under the Constitution of the United States of America, the Constitution of the State of New York, and laws thereto.

57.   That by reason of the aforesaid violations, the Defendants, their agents, servants, and employees acted as persons under color of any statute, ordinance, regulation, custom or usage of the City of New York.

That by reason of and as wrongful conduct of the Defendants, the Plaintiff has been damaged.

## II.
## AS AND FOR A SECOND CAUSE OF ACTION:
## <u>ATTORNEY FEES42 U.S.C. §1988</u>

58.   The Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein as if fully set forth herein and Plaintiff further alleges:

59. That in the event this Court or jury determines that the Plaintiff' civil rights have been violated under 42 U.S.C. §§1981, 1983, 1985(3) and they are victorious upon a related claim herein, they demand attorney fees to compensate their attorney for his time, expenses, disbursements, and efforts in prosecuting their claim.

60. That the Plaintiff are entitled to and hereby makes claim for the recovery of reasonable attorney's fees incurred as a result of prosecuting their claim against the individually named police officer pursuant to 42 U.S.C. §1988.

## III.
## AS AND FOR A THIRD CAUSE OF ACTION:
## PUNITIVE DAMAGES AGAINST POLICE OFFICER CONTRERAS
## <u>and EACH INDIVIDUALLY NAMED DEFENDANT</u>

61. The Plaintiff RUCKER hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

62. That the Plaintiff RUCKER seek punitive damages against each and every individually named Defendants including but limited to **POLICE OFFICER CONTRERAS.**

63. That the Plaintiff seeks punitive damages against each individually name officer to deter not only these Defendant police officers but other like minded individual police officers from engaging in future similar conduct of falsely arresting and maliciously prosecuting innocent individuals who have not engaged in criminal activities or broken the law.

64. That punitive damages is warranted under the facts and circumstance of this case because **Defendants  acted with deliberate, premeditated and specific intent as part of a policy to** deprive the Plaintiff of his rights**,** knowing that such Plaintiff had not broken any laws.

65. That upon information and belief had these Defendants police officers acting in concert done a proper investigation into the allegation as leveled against the Plaintiff, and exercised duty without prejudice, disdain, contempt  or other impermissible grounds such as the Plaintiff's race or social status, they would not have stopped, seized, arrested, and maliciously prosecuted the Plaintiff without probable cause or reasonable suspicion.

66. That by reason of the above false arrest, malicious prosecution and violation of Plaintiff' constitutional rights, Plaintiff demands **THIRTY MILLION ($30,000,000,000) DOLLARS** from said individually named defendants to deter future similar outrageous and illegal conduct as happened herein.

67. That by reason of the aforesaid violations, the Plaintiff request the following relief:

    **a)** Compensatory damages in the sum of Thirty Million($30,000,000.00) DOLLARS for each cause of action;

    **b)** Punitive damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS for each cause of action.

    **c)** An award of reasonable attorney's fees, costs and disbursements;

    **d)** Plaintiff requests a trial by jury of all issues involved in this complaint;

    **e)** Such other and further relief as this Court may deem just and proper under the circumstances.

## IV.

## AS AND FOR A FOURTH CAUSE OF ACTION:
## _FALSE ARREST_

68. The Plaintiff RUCKER hereby repeats, reiterates and re-alleges each and every allegation contained herein as though fully plead and re-alleged in their entirety below.

69. That at all relevant times, Plaintiff RUCKER was falsely arrested without any rights or grounds, probable cause or reasonable suspicion by the Defendants herein resulting in deprivation of the rights Constitution of the United States of America and the Constitution of the State of New York.

70. At all times Plaintiff RUCKER had not consented to being confined by the Defendants.

71. At all times the Plaintiff RUCKER was conscious of his restraint, loss of liberty and abduction.

72. At all times Plaintiff RUCKER was made to feel fearful, intimidated, demoralized and powerless by the Defendants..

That by reason of the aforesaid, Plaintiff RUCKER have been damaged.

## V.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: <u>NEGLIGENCE IN TRAINING AND SUPERVISING</u>

73. Plaintiff RUCKER, hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

74. That the Defendant NYC and the NYPD, their agents, servants and employees, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named Defendants.

75. That the Defendant NYC and the NYPD, their agents, servants and employees failed to train their employees to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent police officers.

76. That the Defendant NYC and the NYPD, their agents, servants and employees failed to give their employees  proper instruction as to their deportment, behavior and conduct as representatives of their employer; and, in that the Defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

77. That the aforesaid occurrence, to wit the false arrest, malicious prosecution and negligence of hiring resulting in injuries therefrom, were caused wholly and

13

solely by reason of the negligence of the Defendants, its agents, servants and employees without any negligence on the part of Plaintiff RUCKER.

78. That by reason of the aforesaid Plaintiff RUCKER was injured because of the false charges.

That by reason of the aforesaid, the **Plaintiff RUCKER** has been damaged.

## VI.
## AS AND FOR SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: CIVIL RIGHTS ACTION 42 USC §1985

79.   PLAINTIFF hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

80.   That all relevant times, the Defendant entered into an actual or tacit agreement to deprive Plaintiff RUCKER of his constitutional rights and civil rights.

81.   That at all relevant times the Defendants entered into said agreement for the express purpose of depriving Plaintiff RUCKER of equal protection of the law, equal privileges and immunities under the law, due process of law under the Fourth, Fifth, Sixth and Fourteenth Amendments to the united States Constitution.

82.   That at all relevant times, in furtherance of the said conspiracy, the Defendants did in fact manufacture and falsify evidence against Plaintiff RUCKER resulting in damage to PLAINTIFF Rucker.

83.   That at all relevant times, in furtherance of the said conspiracy to cover-up the said false arrest, did maliciously prosecute the PLAINTIFF.

84.   That at all relevant times, the Defendants, as a ruse to cover up their acts and omissions, disregarded PLAINTIFF's obvious innocence.

85.   That at all relevant times the Defendants furthered the goals of the aforementioned policy, practice and custom to pad their number of arrest and to meet a quota system initiated and maintained by PSA 8.

86.   That at all relevant times the Defendants' acts and omissions were motivated by PLAINTIFF's race, ethnicity and social status.

87.   That the aforesaid unlawful stop, search, seizure, deprivation, deliberate indifference, detentions and prosecution of Plaintiff by the Defendants, deprived PLAINTIFF of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York, in that the Defendants falsely imprisoned the Plaintiff and conspired to cover up their acts and omissions, and otherwise violated Plaintiff without any conduct on the part of the Plaintiff to so warrant.

By reason of the aforesaid, Plaintiff has been damaged.

# VII.

## AS AND FOR SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *DENIAL OF SUBSTANTIVE DUE PROCESS*

88.   The Plaintiff **RUCKER,** hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

89.   At all relevant times the Defendants created false evidence against Plaintiff.

90.   At all relevant times the Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's Office.

91.   At all relevant times in creating false evidence against Plaintiff, and in forwarding false evidence to prosecutors, the Defendants violated Plaintiffs

right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States.

92.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff RUCKER has been damaged.

# VIII.
## AS AND FOR EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *MALICIOUS ABUSE OF PROCESS*

93.    Plaintiff **Rucker,** hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

94.    The Defendants issued legal process to place Plaintiff under arrest.

95.    Defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to obtain more arrests, to obtain more indictments, to obtain more convictions, to obtain overtime pay, and to obtain promotions within their respective agencies, among other things.

96.    The Defendants acted with intent to do harm to Plaintiff without excuse or justification.

97.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff Rucker, has been damaged.

## IX.

## AS AND FOR NINETH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *FAILURE TO INTERVENE*

98.   Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

99.   Those individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct; observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

100.   Accordingly, the individual Defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

101.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff RUCKER, has been damaged.

## X.

## AS AND FOR TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *EQUAL PROTECTION CLAUSE, 42 U.S.C. § 1983*

102.   Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

103.   The Defendants' conduct was tantamount to discrimination against Plaintiff based on his ethnicity. Other individuals who are not African-American are not targeted and falsely arrested; conspired against; subjected to excessive

force, among other things.

104. This disparate treatment caused Plaintiff to suffer serious injuries.

105. As a result of the foregoing, Plaintiff was deprived of his rights under the Equal Protection Clause of the Constitution of the United States, and is thereby entitled to damages.

That by reason of the aforesaid, the Plaintiff Rucker, has been damaged.

# XI.
## AS AND FOR ELEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983*

106. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein in with the same force and effect as if more fully and at length set forth herein.

107. Defendant Supervising Doe personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise his subordinate employees regarding the adequate and proper investigation of the underlying facts that preceded Plaintiff's arrest, and by approving Plaintiff's arrest despite the availability of exculpatory evidence and/or the lack of probable cause.

108. Defendant Supervising Doe personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise their subordinate employees regarding the adequate and proper marshaling of evidence.

109. Defendant Supervising Doe personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise his/her subordinate employees regarding the

adequate and proper grounds for arresting Plaintiff Rucker, despite no legal

basis for doing so.

110.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained

the damages herein alleged.

That by reason of the aforesaid, the Plaintiff Rucker, has been damaged.

# XII.

## AS AND FOR TWELVTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *MONELL*

111.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation

contained herein with the same force and effect as if more fully and at length

set forth herein.

112.    This is not an isolated incident. Defendant NYC, through its policies, customs,

and practices, directly caused the constitutional violations suffered by

Plaintiff. Defendant NYC, through the NYPD, has had, and still has, hiring

practices that it knows will lead to the hiring of police officers lacking the

intellectual capacity and moral fortitude to discharge their duties in

accordance with the Constitution of the United States and is indifferent to the

consequences.

113.    Defendant NYC, through the NYPD, has a de facto quota policy

that encourages unlawful arrests, the fabrication of evidence, and perjury.

114.    Defendant Defendant NYC, through the NYPD, has a de facto overtime

policy that encourages and incentivizes false arrests, the fabrication of

evidence, and perjury.

115.    Defendant NYC, through the NYPD, has a de facto employee promotion

policies that encourages negligent investigations; the fabrication of evidence;

perjury; and improper manipulation of prosecutors.

116.   Defendant NYC through the NYPD, have de facto policies that encourage competition among employees.  These policies encourage negligent investigations; the fabrication of evidence; perjury; and improper manipulation of prosecutors.

117.   Defendant NYC through the NYPD has had, and still has, a de facto policies that encourage mass stop, searches and seizures of African-American living in targeted precincts.

118.   Defendant NYC, at all relevant times, were aware that the individual Defendants routinely committed constitutional violations such as those at issue here and have failed to change their policies, practices, and customs to stop this behavior.

119.   Defendant NYC, at all relevant times, was aware that the individual Defendant are unfit officers and employees who have previously committed the acts alleged herein  and/or have a propensity for unconstitutional conduct.

120.   These policies, practices, and customs were the moving force behind Plaintiffs injuries.

121.   Defendant NYC, through a policy, practice and custom, directly caused the constitutional violations suffered by Plaintiff.

122.   Upon information and belief, Defendant NYC, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein  have a propensity for unconstitutional conduct, or have been inadequately trained.

123.   Nevertheless, Defendant NYC exercised deliberate indifference by failing to take remedial action.

124.  Defendant NYC failed to properly train, retrains, supervises, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

125.  In addition, the following are City policies, practices and customs:

(a)   Arresting innocent individuals, based on a pretext, in order to meet productivity goals;

(b)   Fabricating evidence against individuals;

(c)   Using and threatening the use of excessive force on individuals;

(d)   Retaliating against individuals who engage in free speech.

(e)   Performing baseless strip-searches on individual for minor offenses as a matter of course, and

(f)   Performing baseless body-cavity searches on individual for minor offenses as a matter of course

That by reason of the aforesaid, the Plaintiff RUCKER, has been damaged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

(a)   Compensatory damages against all Defendant, jointly and severally;

(b)   Punitive damages against the individual Defendant, jointly and severally;

(c)   Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d)      Such other and further relief as this Court deems just and proper

Dated:   New York, New York
         The     9th      day of April  2014

*D. Andrew Marshall* #dm1126
D. Andrew Marshall, Esq.
Attorney for the PLAINTIFF
225 Broadway, Suite 1804
New York, New York 10007
(212) 571-3030 (office)
(212) 587-0570 (facsimile)
marshall.law4@verizon.net